UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL THORNTON                                             CIVIL ACTION

VERSUS                                                       NUMBER: 14-2946

MARLIN N. GUSMAN, ET AL.                                     SECTION: "A"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Michael Thornton, against Defendants, Sheriff Marlin N. Gusman, Bonita J. Pittman, and Sergeants Weaver, West, Gibson, Dorsey, and Jimison, all of the Orleans Parish Sheriff's Office. (Rec. doc. 6, p. 1). Plaintiff, an inmate of the Orleans Parish Prison, complains of various unsanitary conditions of confinement allegedly existing at that penal facility. (*Id.* at pp. 5-10).

After issue was joined, by order dated February 18, 2015 ("Briefing Order"), Plaintiff was directed to file in the record of this proceeding, on or before March 26, 2015, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. doc. 11). When Plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before May 6, 2015, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 13). The copies of the Briefing Order and the Rule to Show Cause that were mailed to Plaintiff at his address of record have not been returned as undeliverable. As of today's date, Plaintiff has not responded to the Rule to Show Cause, nor has he provided the Court with the information required by the Briefing Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the Plaintiff to prosecute his case or to comply with an order of the court.  *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the Plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  *Markwall v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).  As Plaintiff is proceeding *pro se* in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place Plaintiff's case in a proper posture to be litigated to its completion.  Unfortunately, those efforts have been hampered by the inaction of Plaintiff in responding to the Court's Briefing Order and the Rule to Show Cause.  As Plaintiff is not represented by counsel in this case, these failures are attributable to him alone.  Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed for failure to prosecute under Rule 41(b), Fed.R.Civ.P.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within

fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __8th__ day of _____May_____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE